UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. CR-1-02-100-1 |
| Plaintiff, | : | Judge Rice |
| vs. | : | **DEFENDANT JOVANNI MANGOTTI'S SUPPLEMENAL SENTENCE MEMORANDUM** |
| JOVANNI MANGOTTI, | : | |
| Defendant. | : | |

    Comes now the defendant, Mr. Jovanni Mangotti, by and through counsel, and hereby presents the Court this Supplemental Sentence Memorandum. As the Court may recall, the only remaining objection is Objection #4, as described in Mr. Mangotti's Sentence Memorandum. (Doc. 102.) The Court concluded that the advisory sentence guideline range of 37-46 months seems inadequate, given the Court's concerns of Mr. Mangotti's danger to society, recidivism, and alleged diagnosis of an anti-social personality disorder. The Court graciously gave notice to Mr. Mangotti of its intent to depart upward from the guidelines. Sentencing was continued until August 16, 2005 in order to receive testimony pertaining to the competency report dated October 24, 2003 and suggestions that Mr. Mangotti suffers from an anti-social personality disorder.

    The purpose of this supplemental memorandum is to cite case law that may pertain to the Court's decision for upward departure, as well as re-emphasize two requests made by Mr. Mangotti.

## OBJECTION #4

Mr. .Mangotti maintains his position of the factual disputes contained in his competency report. The report also contains allegations that Mr. Mangotti suffers from anti-social personality disorder. Mr. Mangotti disputes this as well, so sentencing was continued in order to answer the following:

(1) Did Mr. Mangotti say the things in the report to which he objected?

(2) What exactly did Mr. Mangotti tell the staff of FCI Butner, North Carolina?

(3) What proof is there to support these statements?

(4) If there is a clear diagnosis of anti-social disorder, are there ways to treat it?

Answers favorable to Mr. Mangotti will obviously lessen the Court's concerns for an upward departure. Answers unfavorable to Mr. Mangotti will warrant an independent psychological examination.[1]

Thus far, the defense has made no request to produce the relevant medical records. He has not issued any subpoena to obtain and review these records. Further, Mr. Mangotti has not received any copies of such records. Based on confidential attorney-client interviews, the competency report as well as the Court's conditional ruling for an independent psychological evaluation, the decision not to obtain these records prior to the next hearing was made. Nevertheless, Mr. Mangotti is prepared to move forward with the August 16 hearing as he expects the evidence to support his case.

Mr. Mangotti submits the following case law which may support his cause. He is well

---

[1] As the Court may recall, Mr. Mangotti moved for an independent psychological examination at the June 9, 2005 hearing, which was granted on the condition that the evidence received by FCI Butner staff is unfavorable to him.

aware of the Court's extensive knowledge of the law and the discretion it has in sentencing under 18 U.S.C. § 3553 and the advisory guidelines.  In order to make his record, Mr. Mangotii submits the case of *United States v. Moses*, 106 F.3d 1273, 1277-78 (6th Cir.. 1997).  It provides that an upward departure "if national security, public health, or safety was engendered... requires a court to look at the offense committed and the dangerousness of the defendant *at the time of the crime*, not the future dangerousness of the defendant."  (Citations omitted.)  *Moses* continues its ruling by emphasizing that "'mental and emotional conditions are not ordinarily relevant in determining whether a sentence should be outside the guidelines....'" (*Id.* At 1278 (citing USSG 5H1.3)).

Mr. Mangotti must respect what the Court said on the record, that it has significant questions if the 37-46 months guideline range is adequate.   Mr. Mangotti also notes the Court's concerns, including danger to society, recidivism and anti-social personality.  Given these concerns, Mr. Mangotti submits the *Moses* case and its supporting case law may be applicable to this case.  Mr. Mangotti also submits that an upward departure is not warranted.

### DEFENSE REQUESTS

#### Request for Recommendation of Detention Facility

Mr. Mangotti restates his concerns for his safety as expressed in the Sentencing Memorandum.  (Doc. 102.)   He appreciates what the Court had to say at last hearing, and he makes a specific request to serve any remaining jail time at the FCI Lexington, Kentucky facility.

#### Request thte Sentence Order Name Jovanni Mangotti as the Defendnant

On Page 2 of the Pre-Sentence Report, the legal name for the defendant is Jovanni Mangotti.  Despite the aliases used in the past, Mr. .Mangotti requests the Sentence Order of the

Court to reflect his legal name, Jovanni Mangotti. Docket Entries 44 (Order Committing Defendant Jovanni Mangotti to Federal Center for Medical Examination & Report) and 72 (Order Transferring Docket from The Honorable Susan J. Dlott to The Honorable Walter H. Rice) properly list Mr. Mangotti's legal name, and he wishes the sentence order to reflect this as well.

    Respectfully submitted,

    /s/ *Kevin J. Spiering*
    Kevin J. Spiering
    119 East Court Street
    Cincinnati, Ohio 45202
    (513)381-1500

    Trial Counsel for Defendant Jovanni Mangotti

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served electronically to the office of the United States Attorney and counsel for co-defendant on this 12th day of August, 2005.

    /s/ *Kevin J. Spiering*