United States District Court
Southern District of Ohio
Western Division

United States of America,
  Plaintiff,

vs.

Jovanni F. Mangole
(AKA John Duncan)

CASE NO: CR-1-02-100-1
Judge W. Rice [C.J.]

Defendants Motion for an Order of a Warrant to Convey Defendant to Seperate Lock Facility

2005 AUG 22 PM 1:32

Defendant, by and through pro-se respectfully moves this Honorable Court for an Order or Request by same, to the U.S. Marshal Service to convey the Defendant to a Seperate Lock facility, and allow the defendant to remain in that facility until after final Sentencing, and defendant is remanded to the custody of the Federal Bureau of Prisons.

### Brief in Support

Defendant was transferred from the Boone County Detention Center on June 14th 2005, to the Montgomery County Jail, for final sentencing on June 16th 2005.

At the sentencing hearing the defendant's attorney had raised two seperate issues regarding the defendants placement, one issue being that a previous request not to be returned to Grant County Detention Ctr, was denied, and ultimately resulted in the assault and battery on the Defendant, issue no. two was regarding the conveniance of the Defendants family to have contact with the Defendant, and be able to visit the Defendant, though the Courts addressed these issues, and made the defense aware that no formal order would be given at that time, and only would be

possibly Given if the need for a possible independent evaluation. Defendant was transferred to the Miami County Incarceration Facility in Troy Ohio on July 29th 2005. Defendant lists several factors why he is requesting to be transferred to either the Butler County Jail, or Hamilton County Justice Center.

(1) Defendant had just started receiving visits from Michelle Mangotti and her children in the Montgomery County Jail and had started making amends, which the Defendant has maintained is and has always been his sole mean of moral and emotional support.

Ms. Mangotti had made contentions to the both Court and the Defendant about her uncertainty of their future together, and has just recently by visits, correspondence, and telephonically, reassured the Defendant of her presence and continuing presence of herself and her children as a part of his life and future, and now this transfer has caused a serious disruption in not only communications by the Defendant and Ms. Mangotti, but also visitation by her etc.

(2) Defendant had received mild medical treatment for chronic ailments suffered in the Montgomery County Jail, whereas since his transfer to Miami County Incarceration Facility, the defendant has only received one medical assessment two weeks after arrival, and no medical treatment. The medical staff refuse to request medical files on the Defendant, and refuse to allow the Defendant to be seen by a Medical Physican, and refuse to give the Defendant all of his perscribed medications, whereas the Medical staff only allow the Defendant to be treated via medication for his acid reflux, and seizure disorder, but not the other perscribe medications.

(3) Also, The Miami County Incarceration Facility has a

policy that prohibits prisons from retaining their Legal Material and papers, they are to be secured in a separate Locked storage facility, implying that they would be safe, which is completely false, None of the officers verify who the inmates are or whose legal materials they are removing from the storage facility.

Also, Defendant has personally witnessed "Locker Raids," and "PSI Parties" among the prisoners where if a prisoner leaves the Unit for any reason his personal locker is entered, his personal and somewhat limited papers of Legal Nature are gone through. During "PSI Parties", inmates are required to present their PSI's and Plea bargains Agreements to a group. Though the defendant contends that he has not yet been a victim he wishes to avoid being a victim.

(6) When the defendant was transferred to the Miami County Incarceration Facility, from Montgomery County, along with 9 other prisoners, each prisoner having an "Information/Instruction/Booking sheet" from the U.S. Marshal's office outlining each prisoners information, and crime, as well as a "special instruction" section at the bottom of the page, whereas out of 10 (ten) prisoners, the Defendants "sheet" was the only sheet that had "Special Instructions", being "DOESN'T LIKE LEO's" Meaning an acronym for Law Enforcement Officer; Again, considering other prisoners having visible tattoos displaying vulgar remarks about LEO's, such as "COP Killer", and "F**K you officer" on neck and waists, Mine was the only sheet stating this.

Whereas, though the Marshal service may feel this would somehow present a safety concern for the facility, this has become highly prejudicial for the defendant, causing the officers in the facility to ignore prisoners concerns, failure to address issues, constantly harassing and badgering the defendant, attempting to provoke the defendant

in committed Rule violations etc.

For the Reasons Mentioned the Defendant Requests this Honorable Court to issue and ORDER OR REQUEST To have the prisoner Transfered to a seperate facility, Much closer to his him if able to Not only avoid the problems at the Miami County Incarceration Facility, but to be closer to his family, and not present an undo hardship on them.

Defendant Moves this Court for an ORDER or Request to be placed in either the Butler County Jail, or Hamilton County Justice Center.

This Motion and Brief should further safety way.

Respectfully Submitted,

*Giovanni Margotta*
Giovanni Margotta (aka John Duncan)
MCIF-POD-D
2042 N. Co. Rd. 25-A
Troy Ohio 45373

Certificate of Service

A copy of the Foregoing was sent via U.S. Mail service to the Asst. Attorney for the United States, Mr. Amul Thapar, Cincinnati Ohio 45202. On This 18th Day of Aug. 2005

*Giovanni Margotta*