Southern District of Ohio
WESTERN DIVISION

United States of America    :    CASE NO 1:02 CR 100-1
        Plaintiff
    -vs-                    :    Judge Walter H. Rice [CJ]

Jovann F. Mangoti
(aka John Duncan)          :    Motion for Defendants Transfer
    defendant Pro-se            to Separate Lock Facility or Local
                           :    Correctional Center. ORAL HEARING
                                REQUESTED

Now comes defendant (s) and through pro-se who respectfully moves this honorable Court for an Order to have the Defendant transfered from his current Incarceration Facility to a Separate lock facility or local Correctional Center, or compel answer on previous Motions.

RESPECTFULLY,

Jovann F. Mangoti
(aka John Duncan)


BRIEF IN SUPPORT


Defendant asserts that he was transfered from the Montgomery County Jail to the Miami County Incarceration facility on July 29th, 2005. upon arrival the Defendant was Informed that the U.S. Marshal Service had taken the initiative to label the Defendant as a Subject who doesn't like L.E.O.'s an acronym used by Law enforcement to Identify "Law Enforcement

Officer". Since his arrival and due to the statements written by the Marshal Service the defendant has suffered Undue hardships to include, but not limited too:

    - Verbal Abuse

    - Subjective Discipline for Frivolous Rule Infractions

    - Threats of Physical Abuse by staff members.

    - Theft of Personal Property by staff members

    - Theft of Personal OUT-GOING Mail By staff members.

The Defendant had filed a previous Motion, addressing similar issues, for which the Court had yet to address; Furthermore, the defendant was informed that all Pro-se Motions were directed to Counsel Representing the defendant, in this instance the Defendant is represented by Counsel, Mr. Kevin J. Spurring, asin the previous filing the Defendant was informed by his attorney that the attorney himself did not feel that it was important Enough of an issue to address the Courts with.

Defendant asserts that No one, but the defendant can possibly Know exactly what psychological Extremes are placed on the defendant In the Miami County Incarceration facility, therefore the Defendant Requests an Oral Hearing, conference with the Courts whether it be by personal appearance, or Telephonically; at any appropriate time it necessary for the Courts.

Also, the defendant asserts that he has been continually threatened by officers and staff to be moved "DOWNTOWN" to the Miami County Jail, yet another Lock facility administered by the Miami County sheriff Dept, and other Administrators of the Same, who administer the Miami County Incarceration facility, as Punishment because the defendant had been grieving about having limited or no access to his current Legal Material

for which several Inmates including the defendant have Exhausted all Remedies through the Jail, now seek a civil suit pursuant to 42 U.S.C. § 1983 for those and other direct Violations of the defendants Rights.

The Defendant had Written to the U.S. Marshal Service Regarding these Matters, the U.S. Marshal service had responded by claiming that the defendant may not seek or pick his own Jail, the defendant had Made No such ___ Request, the Request was Merely to Remove the Defendant Out of the Jurisdiction of Miami County, which includes both the Miami County Incarceration Facility as well as the Miami County Jail; Furthermore the U.S. Marshal Service failed to address any grievable issues such as The Medical Service, access to own Legal Materials, and threats by staff Members of the Jail.

In Conclusion, this is the second attempt to Reach the Courts on the issues surrounding his Incarceration at the Miami County Incarceration Facility, In sincere hopes the Courts will immediately respond in Kind.

The defendant has Made efforts Repeatedly to avoid the Abuses and negligence of the staff Members employed by Miami County Sheriffs office; The defendant now feels his safety, his Sentencing, and inadvertently his Future is now in Jeopardy, possibly to the point of "EXTREME."

The Only Options that are left are for the Defendant To Request This Honorable Court for and Order, on immediate formal Request Towards the U.S. Marshal Service To Transfer the Defendant out of Miami County Jurisdiction and place

the defendant in a suitable environment.

One of which would be convenient for both the Court and the defendants Counsel, Defendants Counsel Kevin J. Pierking's office is in Cincinnati, Ohio.

Respectfully,

Giovanni. F. Mangotti
(AKA John Duncan)
Defendant - Pro-se
2042 N. County Rd. 25A
Troy Ohio 45373

Proof of service

I hereby Certify that a true Foregoing Copy was sent via regular U.S. Mail to Mr. Amul Thapar, Asst. U.S. Attorney, Cincinnati, Ohio on this  07ᵗʰ  day of November, 2005

Giovanni F. Mangotti
(AKA John F. Duncan)