United States District Court
Southern District of Ohio
Western Division at _____

FILED

| | | |
|---|---|---|
| United States of America | : | CASE NO. 2005 JAN 10 RH 10:09 |
| Plaintiff | : | |
| | : | Judge W. Rice [CJ] |
| vs. | : | |
| | : | Defendants Omnibus Motion |
| Jovanni F. Mangiotti | : | for Request for Order of Transfer |
| (AKA John Duncan) | : | and Conference with Courts. |
| Defendant, pro-se | : | In Camera, Under seal Requested |

Now comes defendant by and through pro se who Respectfully moves this court for an order directing the US Marshall service to move the defendant from the Miami County Ohio area, and place the defendant in a suitable facility both close to the defendants attorney and home. Furthermore, the Defendant moves this court to set a conference date at the closest available calendar date convenient to both the court, the Defendants attorney, and the A.U.S.A. Mr. Amul Thapar.

With the Brief and Memorandum in Support attached hereto this Motion should further sayeth naught.

Respectfully,

John F. Mangiotti

Jovanni F. Mangiotti
AKA John F. Duncan
201. W. Main St.
Troy Ohio 45373

Pg. 1 of 6

### Brief and Memo in Support

Defendant asserts that the US Marshal service had moved the defendant from Montgomery County Jail to the Miami County incarceration facility in July of 2005; while the US Marshal service contended that they owed the defendant no explanation as to the reasoning of this move, it not only caused undue, unwarranted, and further hardships on the defendants family, but access to his attorney etc. Upon admission to the Miami County incarceration facility the admissions form from the Marshal service had comments on the defendants such as "Doesn't like law enforcement officers." Out of all the prisoners processed, including ones that had "Cop Killer" tattooed on their person. Causing even more hardship for him while incarcerated there. Constantly being harassed and taunted by the staff due to the comments made by the Marshals, including refusing to allow the defendant ample access to his legal material, a request for transfer was put into the courts then and the defendant hasn't been made aware of the ruling.

Early to mid December a Corrections officer had overheard a conversation between several prisoners regarding an escape attempt. This corrections officer had asked the defendant to provide confidential information regarding such; and after several inquiries the defendant reported to this corrections officers who had been said, and the person initiating the attempt, the defendant was assured that he would remain anonymous, and no trouble would come to him. Approximately 2 days later the defendant/prisoner was approached by another officer and was requested to fill out an affidavit/statement to the effect of the escape attempt; again being assured that he would remain confidential. The following day, the Capt. of the Miami County incarceration facility had informed the defendant that he had to be moved to a different cell block due to threats being made against his person; a few weeks after the defendant/prisoner's transfer to a separate cell block the defendant/prisoner was instructed to "pack" his personal belongings because

he was being transferred to yet another facility, he was then transported by the Jail administrator [Capt. Cooper] from the Miami County Incarceration Facility [MCIF] to the MCIF annexed facility known as "THE OLD JAIL", AND NO Explanation was Given, except that the Marshals had ordered the move. Once Inmate/Prisoner/Defendant arrived he was informed by the Jail administrator [Dee Sandy] {Herein after JA Sandy} that the Capt. of MCIF had requested to be able to move he, via the US Marshal service, which contradicted Capt. Coopers original assessment of having no knowledge, except for a call from Bill Taylor US Marshal service. To be transferred to "THE Old Jail" is strictly disciplinary only, Upon making several more inquiries the defendant was informed that he was to be restricted from his legal materials, and access to his own law books, the defendant has not heard from his attorney in Months, only to solidify the hardship of travel, so he has absolutely no adequate access to legal materials or persons legally qualified to address issues, when the prisoner/defendant voiced his concerns and stated he would address his issues via a grievance and/or through the courts, he was then told that the Jail was to make every effort possible to perhaps seclude, segregate, isolate, or separate the defendant to the point to include no telephone privileges, visiting, or mail privileges, other than Counsel; when defendant objected he was told he would be placed in the hole, and have no access to anyone or anything, all at the discretion of the Jail administrator, when the defendant asserted that this was not allowed, the staff had said they received instructions to that effect from the US Marshal service via Capt. Cooper.

The date of the mailing of this Motion marks the 4th day of Defendants incarceration in said facility known as "THE OLD Jail," and has not been permitted to have any access to any of his legal material, none of his personal letters/Mail, and Alcin has been

Pg 3 of 6

threatened if taken any actions.

Whether or not the U.S. Marshal Service has "Instructed" or "Ordered" any actions at all against the defendant, this defendant has had nothing but undue hardship from this Marshal service, particularly Mr. William Taylor; and has had nothing but hardships from them since June 2004, to witt.

June 2004, Marshals were informed in chambers and on the telephone from defendant's counsel that transport back to Grant County detention center (KY) would lead to assault on or against defendant possibly, and the Marshal transported him back even after the Court's request to keep him in/or close to Hamilton County, Ohio, which his return had led to an aggressive assault against the defendant which resulted in broken nose, fractured wrist, back and leg sprains, cornea abrasion; and inadvertantly transfer ordered by this Court.

June 2004 Defendant was transfered to Boone County Jail (KY) and had a Motion similar hereto, to be sent to a separate lock facility because of no means or access to legal materials, and Defendants Mail, both legal and personal "disappearing" without any explanation and some Mail being refused from the Courts, officers of Boone County Stipl stipulated they were instructed to discard any material addressed to "Jovann Minchotti", the defendant's real name, by the US Marshal Service. When the civil attorney filing suit against the Grant County detention etc. had informed the administrators of Boone County Jail that he had planned to file suit for injunctive relief, they then

Pg. 4 of 6

ceased the actions previously taken.

June 2005 Defendant was transferred to Montgomery County to attend court. During his exit from appearance, the defendant was attacked, and spit on by the co-defendants brother, and family friend Brett Kendle (Parole at large). They began threatening the defendant an calling him a "snitch" etc. The Marshal's asked them to leave, but said to them, and this is a quote "As Far as I'm concerned, you can beat his snitching ass to death; but I can't let it happen in My building" When asked if he was able to press charges he was told "NO". When the defendant was able to finally reach the FBI to press charges he was told that they would have to first ask Mr. William Taylor

July 2005 - Prisoner/Defendant was transferred to MCIE, Problems aforementioned in previous Motions as well as this Motion were ignored and/or encouraged by William Taylor U.S. Marshal Service.

January 2006 Prisoner/Defendants transfer yet again and aforemention complications yet again either ignored, encouraged, induced, or under the direction of Mr. William Taylor only solidifies the defendant/prisoners standing that the US Marshal service of Dayton Ohio, Under the direction of Mr. William Taylor are not only extremely Unprofessional, but have personally placed the defendant in danger with Malice, they have personal informed the person subject to the

P. 5 of 6

aforementioned attempt escape etc,
that the defendant himself had informed on him;

The defendant has contacted the ACLU in N.Y. N.Y., was instructed to file a complaint with the Courts, with the US Marshals in the Nations Capital, and with the Federal Bureau of Investigations Civil Liberties divisions, then they would follow-up. Defendant Moves that he feels that this US Marshal service has become vindictive towards the defendant due to the incident in Warren County, and Mr. William Taylor has clearly shown himself to be above and immune from the Law, and or policies for which he is employed under, if at all possible the defendant would like to be removed from this particular US Marshal service's Jurisdictions.

The defendant feels that the US Marshal service will attempt to use retaliation for the filing of this Motion such as isolation for no apparent reason etc.

The defendant prays the Court for an Order directing the US Marshal service to transfer the defendant to another facility outside the Jurisdiction of the U.S. Marshal service {Outside} of Montgomery County,

Respectfully Submitted,

Giovanni F. Mangotti
AKA John F. Duncan
201. W. Main St.
Troy Ohio 45373

Pg. 6 of 6