United States District Court
Southern District of Ohio
Western Division

FILED
JAMES BONINI

United States of America            :     Case No 1:02-cr-00100-WHR-1
Plaintiff                           :
                                    :     2006 MAY 11  PM 12:46
                                    :     US
                                    :     SOUTHERN DIST OHIO
                                    :     WESTERN DIV DAYTON
-v-                                 :     Judge Walter Rice [CJ]
                                    :
                                    :
Jovanni F. Mangotti                 :     Defendants pro-se Supplemental
(aka. John Duncan)                  :     Sentencing Memorandum
Defendant Pro-se                    :

Now comes defendant, Jovanni F. Mangotti, by and thru pro-se, hereinafter refered to as Mr. Mangotti, and hereby presents This Court with this pro-se Supplemental Sentencing Memorandum. As the Courts will Recall, The Court had concluded that the advisory sentencing Guideline range of 37-46 months may be inadequate according to the concerns of the Courts of the defendants (Mr. Mangotti) possible Recidivism, or danger to society, and alleged diagnosis of possible anti-social personality disorder; where the Court graciously gave notice to the defendant (Mr. Mangotti) of its intention to depart upward from the Guideline Range.

On a previous filed Sentencing Memorandum Supplement filed by Mr. Mangotti's defense attorney, Mr. Kevin Spiering, Mr. Spiering had cited case law that may pertain to the Courts decision for the upward departure. (See Doc. 111 filed 08/12/05)

This Memorandum not only re-emphasizes Mr. Spierings previous Citings but also incorporates more citings that Mr. Mangotti hopes may help the Courts in their final Decision, as well as directs the Courts attention toward other means of deterence for Mr. Mangotti in lieu of more confinement.

Pg. 1

On June 16, 2005, the Courts noted that Questions would be presented to the staff members of Butner [NC] FCI, regarding Mr. Mangotti's diagnosis and evaluation, further the Courts noted that answers which would be favorable to the Defendant may lessen the Courts concern for an upward departure, those not favorable will likely warrant the Independent evaluation, which was granted on Feb. 03rd, 2006, and has been completed and submitted to the Courts in a prior sentencing Memorandum Supplement filed by Mr. K. Spiering.

Though the defendant has been made aware of the contents of the evaluation he contends that he has only viewed, but never received a copy of the new independent evaluation Report, one inference that the Defendant (Mr. Mangotti) would like to make is that the defendant had asked the evaluating doctor, if there are available treatments outside of a correctional setting, in society, though the Doctor had not noted any specifics to this issue in his report, he had in fact informed the defendant that there were plenty sources available outside of a prison setting that could be beneficial to the Defendant.

— Regarding the Courts intent of an upward departure, the Court had explained the uncertainty on whether or not the Courts have to give Notice 'POST-BOOKER.' The Defendant, also concedes that "POST-BOOKER," has caused uncertainty in many of the issues raised herein, and prays the Court for its patience.

As previously noted by Counsel, Mr. Spiering, in the first supplement Sentencing Memorandum, Citing <u>United States v. Moses</u> 106 F.3d 1273, 1277-78 (6th cir.1997) Provides an upward departure is not warranted for the future dangerousness of the defendant, This Ruling also continues to emphasize that "Mental and Emotional Conditions are not Ordinarily [SIC] Relevant in determining whether a sentence should be outside the Guideline." The Defendant notes the Courts concerns a

Pg. 2

both the Public Safety issues, and the alleged diagnosis of antisocial personality disorder as previously stated, and submits not Moses as in the Previous filing, but also incorporates United States v. Kennedy 893 F.2d 825 (6° Cir 1990) where the Trial Judge attempted to justify an upward departure based on "a long History of violating the law", and the fact that in "the best interest of society... you need an extended period of incapacitation," The Judge observed that "Parole, Probation, Rehabilitation just has [sic] Not worked in your case[.]" Id. at 826-27, the comments and rationale are remarkably similar to that of the Judge in Wolak, as well as the Courts herein; a person with a long History, has already had, same considered by both the Sentencing commission as well as Congress. In both Kennedy and Wolak the Courts Reversed and Remanded Both of the upward departures; see United States v. Wolak 923 F.2d 1193 (6°Cir 1991).

Mr. Margotti's Criminal History had already been taken into account, by the Sentencing Commission via the P.S.I officer, was originally miscalculated, objected to, and summarily affirmed by this court to be lower than the P.S.I officer's calculations, and hence changed from Criminal History of VI to a Criminal History of V, effectively validating the objection, which the defendant asserts was proper.

Whereas, Mr. Margotti's concern regarding an upward departure by the court for concerns aforementioned, leads the defendant to believe a possible upward departure of his offense level may occur, Thereto the defendants submits United States v. Corrigan 128 F.3d 330, 333-36 (6°Cir 1997) where the district court abused its discretion in imposing an upward departure where the amount of Loss, Number of Victims, and Number of schemes, were Not outside the Heartland considered in the Guidelines applicable to Corrigans Mail fraud case, consequently Negating standards set forth by the 6° Circuit in

Pg. 3

Reviewing upward departures, see <u>United States v. Joan</u> 883, F.2d 491 (6· Cir 1989), in part assaying a primary standard, the Court determines that the case is sufficiently "Unusual" to warrant a departure, that review is essentially plenary. Also the defendant (Mr. Murkette) asserts that all the elements of this case that were covered by the U.S. Probation department, and Government's attorney fails to show any particulars that would be "Unusual," or to any extreme that would negate the standards set forth in <u>United States v. Koon</u> (See 518 U.S. 81, 116, S.Ct. 2035) where the Court has held that factors encouraged by the sentencing commission to be the basis for departure, the Court is only authorized to depart if the applicable Guideline does not already take into account those factors, or a set of particular factors are present to an <u>exceptional degree</u>, or in some way makes the case different from an ordinary case where factor[s] is present (18 U.S.C.A. §3553(b)).

   Defendant contends and maintains that his particular case is not "Unusual," or contain factors to be consider exceptional or extreme, outlined by either <u>Koon</u> or <u>Joan</u>; if that were the case at hand then practically every criminal defendant with any criminal history at all would meet the criteria for a Recidivist, or Danger to the community, thus subject to an upward departure, therefore completely undermining all that the United States Supreme Court encompassed into <u>Koon</u>.

   Also defendant asserts that until recently he did not feel it necessary to object to certain issues in the PSI Report, because they may or may not have an effect on his sentencing, it recently has been brought to his attention that Paragraph 69 may have an effect on decision made by the U.S. Bureau of Prisons, for matters such as work/educational Furloughs, program, security

Pg. 4

Level placement, should the future need arise, whereas Paragraph 69 states that there are Court Documents indicating an absconding from a furlough house, whereas this is inaccurate, defendant concede he was in fact Returned to prison for failing to Participate in the Furlough program after having reported problems with person in the Furlough Program; and after extensive Research, the defendant has been unable to uncover any Court documents contrary to this; No "Court" Documents exists at all, in any County that the defendant has resided.

Next the issue of Defendants planning and goals upon release; the defendant has contacted several agencies regarding Therapy Groups in and around the area of his community, (See attorney's Third Supplemental Sentencing Memorandum), the defendant would also like to inform the Courts that he has over the last 2 years pursued a means of acceptance into a program at the Warren County Career Center, for vocational Training in the field of Heavy Machine Operations, and qualifies for Financial AID.

Wherefore defendant submits this pro-se supplemental Sentencing memorandum.

Respectfully submitted
_Giovanni Mangott_
Giovanni F. Mangott, Def. pro-se
2042 N. Co. Rd. 25A
Troy Ohio 45373

Proof of Service

Defendant Certifies that a foregoing handwritten copy has been sent to Mr. Richard Chema, US Attorney, Dayton Ohio, on this 10th day of May, 2006.

Respectfully
_Giovanni Mangott_

Pg. 5